```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No. 4:05CR344 SNL
                               )              (FRB)
PAMELA HAUGHTON,               )
                               )
          Defendant.           )
```

**MEMORANDUM**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on all pending motions on July 28, 2005.

Defendant's Motion to Suppress Statements and Evidence
(Docket No. 15)

Testimony and evidence was adduced on the defendant's motion at the hearing on July 28, 2005. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:

Findings of Fact

On March 3, 2004, Agent Frank Boston, of the Social Security Administration (SSA) Office of Inspector General, and Agent Korey Brinkman, of the Department of Housing and Urban Development (HUD) Office of Inspector General, went to 3332 Nebraska, St. Louis, Missouri, the residence of defendant Pamela

Haughton, for the purpose of interviewing Haughton regarding matters they were then investigating, and specifically statements she had made to SSA and HUD to obtain benefits from those agencies. They knocked on the door and were admitted to the home by Haughton's mother. Agent Boston identified himself to Pamela Haughton and displayed his badge and credentials. He also apprised her of the identity of Agent Brinkman. Haughton was advised of the purpose of the interview. Haughton's mother, father and several siblings were present in the residence. Each of her parents were present in the room during part of the interview but at some point each of them left the room prior to the completion of the interview. One of her sisters, Jennifer Haughton, age 19, was apparently present for the entirety of the interview.

The interview lasted approximately 45-50 minutes. During the interview defendant Haughton apparently made admissions to the agents concerning the matters which they were investigating. At some point Haughton asked what would happen regarding the matter. She was told by the agents that the information would be presented to a prosecutor who would decide whether to seek charges and that an indictment would be sought or prosecution declined. Haughton was asked if she wished to make a written statement which would be presented to the prosecutor along with the other information gathered in the investigation. Haughton then hand wrote a

statement on a form provided by Agent Boston. (See Government's Exhibit 1).

Upon completion of the interview Agent Brinkman told Haughton that if she continued to cooperate in the investigation, the agents would notify her if charges were filed and that she would be allowed to self surrender rather than be arrested in the community by the agents.

Jennifer Haughton, defendant Haughton's sister testified at the motion hearing, as did Agent Brinkman. The testimony of both witnesses agreed in some respects about the occurrences of March 3, 2004, and differed in some respects. To the extent that it is necessary to resolve any conflicts in the testimony of the witnesses in order to determine the issues raised in the defendant's motion, having had the opportunity to hear the testimony and to observe the demeanor of the witnesses, and to consider all of the factors which might influence their testimony, the undersigned finds the testimony of Agent Brinkman credible and does choose to credit his testimony in all respects.

## Discussion

As grounds to suppress the statements made by her to Agents Boston and Brinkman the defendant avers in her motion that at the time of the questioning "she was for all practical purposes under the custody of governmental agents and any statements were

made in response to interrogation by these officers." She contends that such statements are inadmissible because made in the absence of any advice and waiver of rights as required by Miranda v. Arizona, 384 U.S. 436 (1966).

In Miranda v. Arizona, 384 U.S. 436 (1966) the Supreme Court held that before questioning a person in custody law enforcement officials must advise the person that she has the right to remain silent; that any statements she makes may be used against her at trial; that she has the right to have an attorney present during questioning; and that if she cannot afford an attorney one will be appointed for her. Id. at 478-79. The officials may question the person after so advising her if the person voluntarily, knowingly and intelligently waives these rights and agrees to answer questions put to her by the officials. Absent such advice and waiver, statements obtained through interrogation of a person in custody are not admissible against the person at trial. Id. at 479.

The proscriptions of Miranda apply only when the person questioned is "in custody." Illinois v. Perkins, 496 U.S. 292, 297 (1990). A person is in custody within the meaning of Miranda when, under the totality of the circumstances, "a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'" Berkemer v. McCarthy, 468 U.S. 420, 440 (1984); California v.

Beheler, 436 U.S. 1121, 1125 (1983). In determining whether a person was in custody at the time of questioning the court must examine the objective circumstances surrounding the interrogation, Stansbury v. California, 511 U.S. 318, 323 (1994), and to determine from those circumstances "how a reasonable (person) in the suspect's position would have understood his situation." Berkemer v. McCarthy, 468 U.S. at 442.

Miranda does not apply if the person is not in custody, even if the person is suspected of criminal activity or is a focus of the investigation. Oregon v. Mathiason, 429 U.S. 492, 495 (1977); Beckwith v. United States, 425 U.S. 341, 345 (1976).

In United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990), the Eighth Circuit Court of Appeals identified a number of factors which the court has looked to in determining whether a person is in custody within the meaning of Miranda. Those factors are as follows: (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems

were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning. Id.

Application of these factors, and considering the totality of the circumstances, leads to the conclusion that the defendant was not "in custody" within the meaning of Miranda, when she was questioned by Agents Boston and Brinkman. While the defendant was not told that she was not under arrest, neither was she told that she was under arrest. The agents did nothing to curtail the defendant's freedom of movement during the encounter. Members of the defendant's family were present during the interview and moved freely about the room during the interview. No weapons were displayed by the agents nor was the defendant handcuffed or otherwise restrained during the interview. The agents explained to the defendant the purpose of the interview and the defendant agreed to the interview. There is no credible evidence that the agents made any threats or promises to the defendant during the interview or that they otherwise brought any undue psychological pressure upon her. Upon conclusion of the interview the agents left the defendant's residence. The defendant was not placed under arrest at any time.

Under the totality of the circumstances here the defendant was not in custody at the time she was interviewed by the

agents and the statements made by her should not be suppressed. Beckwith v. United States, 425 U.S. 341, 342-48. See also United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001); United States v. White, 270 F.3d 356, 366 (6th Cir. 2001); United States v. Rith, 164 F.3d 1323, 1331-32 (10th Cir. 1999).

The defendant in her motion also moves to suppress items of physical evidence seized from her. However, at the hearing on the motion the defendant conceded that no items of evidence were ever seized from her. Therefore, the defendant's motion, to the extent that it seeks to suppress such items, should be denied as moot.

## Conclusion

For all of the foregoing reasons the defendant's Motion to Suppress Statements and Evidence should be denied in part, and denied in part as moot.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Suppress Statements and Evidence (Docket No. 15) be denied in part and denied in part as moot.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in

waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

                                                           */s/ Frederick R. Buckles*
                                           UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of September, 2005.